IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW DARVIN HERSH, | : | Civil No. 3:16-cv-2290 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| MARK GARMAN, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Andrew Darvin Hersh ("Hersh") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Court of Common Pleas of Adams County, Pennsylvania. (Doc. 1). For the reasons discussed below, the petition will be denied.

## I.    Background[1]

On August 17, 2009, a criminal information was filed in the Court of Common Pleas of Adams County charging Hersh with several sexual offenses for alleged inappropriate contact with his biological daughter, who was approximately three-and-a-half years old at the time of the incidents. See Commonwealth v. Hersh, CP-01-CR-0000720-2009 (Pa. Ct. Com. Pl. Adams Cty.). On August 10, 2010, following a jury trial, Hersh was found guilty of

---

[1]    A federal habeas court may take judicial notice of state court records. Montanez v. Walsh, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Adams County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

rape of a child, indecent assault of a person less than thirteen years of age, and corruption of minors. *Id.* On November 12, 2010, Hersh was sentenced to a thirteen to thirty year term of imprisonment. *Id.*

On November 12, 2010, Hersh filed a direct appeal. On April 11, 2011, the Pennsylvania Superior Court dismissed the direct appeal for failure to file a brief. *Commonwealth v. Hersh*, 1872 MDA 2010 (Pa. Super.). On June 17, 2011, Hersh sought PCRA[2] relief in the nature of reinstatement of his direct appeal rights. *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Pa. Ct. Com. Pl. Adams Cty.). The PCRA court reinstated Hersh's direct appeal rights and he subsequently filed a direct appeal. *Commonwealth v. A.D.H.*, 1639 MDA 2011 (Pa. Super.). On June 20, 2012, the Pennsylvania Superior Court affirmed the conviction. *Id.* Hersh did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. (Doc. 2, p. 11).

On August 22, 2012, Hersh filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Pa. Ct. Com. Pl. Adams Cty.). On August 6, 2013, following an evidentiary hearing, the PCRA court denied the petition. *Id.* Hersh filed an appeal to the Pennsylvania Superior Court. On April 11, 2014, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. *Commonwealth v.*

---

[2] Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

*A.D.H.*, 1535 MDA 2013 (Pa. Super. Apr. 11, 2014). Hersh then filed a petition for allowance of appeal with Pennsylvania Supreme Court. On August 21, 2014, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. A.D.H.*, 97 A.3d 742 (Pa. Aug. 21, 2014).

On August 25, 2014, Hersh filed a second PCRA petition, alleging that his sentence was illegal under *Alleyne v. United States*, 570 U.S. 99 (2013). *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Pa. Ct. Com. Pl. Adams Cty.). On January 15, 2015, Hersh filed an amended PCRA petition. *Id.* On February 5, 2015, the PCRA court denied the petition. *Id.* Hersh filed an appeal to the Pennsylvania Superior Court. On August 21, 2015, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. *Commonwealth v. A.D.H.*, 2015 WL 6681195 (Pa. Super. Aug. 21, 2015). Hersh then filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On March 8, 2016, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. A.D.H.*, 635 Pa. 737 (Pa. 2016). Hersh filed a petition for writ of certiorari with the United States Supreme Court. On June 13, 2016, the United States Supreme Court denied the petition for writ of certiorari. *A.D.H. v. Pennsylvania*, 136 S.Ct. 2475 (2016).

Hersh also filed an unsuccessful petition for writ of habeas corpus with the Pennsylvania Supreme Court. *Commonwealth ex rel. Hersh v. Garman*, 87 MM 2016 (Pa. Aug. 22, 2016).

3

## II.    Standards of Review

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.    Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

4

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[3] Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

---

[3]     In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

## B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a

state court's findings of fact are correct. A petitioner may only rebut this presumption with

6

clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]). Mere

---

[4]    "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## III.    Discussion

### A.    Ineffective Assistance of Counsel Claims

#### 1.    *Standard of Review*

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that

counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002).

The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

### 2. Discussion

Hersh argues that trial counsel was ineffective on the following grounds: (1) failing to call alibi witnesses; (2) failing to object, request a mistrial, or request a curative jury instruction when there were alleged hand signal communications between the victim and her mother during the victim's testimony; and, (3) failing to file a motion to suppress his confession.

### a. Failure to Call Alibi Witnesses

Hersh first argues that counsel was ineffective for failing to call alibi witnesses on his behalf at trial. He identifies those potential witnesses as Daniel Dougherty, Dustin Fleming, and Fred Mummert. In affirming the denial of PCRA relief, the Pennsylvania Superior Court rejected this claim as follows:

> Within Appellant's second issue, he claims that trial counsel was ineffective for failing to call two alibi witnesses, Daniel Dougherty and Dustin Fleming. Appellant's *Pro Se* Brief at 5. Initially, we note that Appellant does not address Dougherty's testimony within his brief. "[A]s Appellant has . . . no[t] developed any meaningful analysis, we find this issue waived for lack of development." *Commonwealth v. McLaurin*, 45 A.3d 1131, 1139 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013); *see also* Pa. R.A.P. 2119. Regarding Fleming's testimony, Appellant argues that "[he] was denied effective assistance of counsel when trial counsel . . . failed to call Mr. Fleming to the witness stand to testify on an alibi defense, when [trial

10

counsel] was aware of Mr. Fleming as a witness, Mr. Fleming was available, and [Mr. Fleming was] willing to testify for [Appellant]." *Id.*

"To satisfy the prejudice prong of [the ineffective assistance of counsel] test when raising a claim of ineffectiveness for the failure to call a potential witness at trial, our Supreme Court has instructed that the PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Wantz*, 2014 Pa. Super. LEXIS 7, *19-20 (Pa. Super. 2014) (citations omitted).

Herein, the PCRA court concluded that Appellant had satisfied the first four prongs of the test. PCRA Court Opinion, 8/6/13, at 3. However, the PCRA court concluded Appellant failed to establish that trial counsel's ineffectiveness resulted in sufficient prejudice to compel PCRA relief.

> Although the P.C.R.A. hearing testimony establishes the first four prongs of the test . . . , [Appellant]'s claim fails as he cannot establish prejudice. During trial, [Appellant] testified that friends were at his house on the night of the incident. He also acknowledged, however, that around midnight, his friends left. The Commonwealth did not challenge this assertion at trial. The only reference during trial or at [the] P.C.R.A. hearing concerning the actual time of the assault is K.H.'s trial testimony that the incident occurred "way past her bedtime."
>
> An alibi defense is a defense which "places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party[.]"[ ] *Commonwealth v. Johnson*, 646 A.2d 1170, 1172 (Pa. 1994) (citation omitted). [Appellant]'s trial testimony essentially vitiated an alibi defense as even if his friends remained at his residence until midnight, it was physically possible for him to have committed the crime. Trial counsel properly recognized as much when he determined the testimony of Dougherty and Fleming carried very little, if any,

> relevance. Moreover, [trial] counsel's proper use of discretion
> is corroborated by the P.C.R.A. testimony of both witnesses
> which not only failed to establish [an] alibi but placed into
> question whether they were actually with [Appellant] during the
> evening of June 12, 2008. As [Appellant] was unable to
> establish prejudice, relief on that basis will be denied.

*Id.* at 3-4 (citation omitted).

> Our review of the record discloses ample support for the PCRA court's
> conclusion that Appellant failed to demonstrate his entitlement to PCRA relief.
> At the PCRA hearing, neither Doherty [sic] nor Fleming could recall being with
> Appellant on June 12, 2008. N.T ., 6/17/13, at 19, 21-22. As neither party
> could remember being with Appellant on the date in question, neither party
> could provide an alibi. *See id.* Because neither witness could provide an
> alibi, Appellant failed to prove that he was prejudiced by the absence of their
> testimony. *See Wantz, supra.* Accordingly, we conclude the PCRA court did
> not err in denying Appellant PCRA relief on this ground.

*Commonwealth v. A.D.H.*, 2014 WL 10965652, *8-9 (Pa. Super. April 11, 2014) (citing

PCRA Court Opinion, 8/16/13, at 3-4).

With respect to Daniel Dougherty, the record reflects that Hersh waived this claim

under state law. As a result, Hersh procedurally defaulted this claim in this forum. *See*

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d

Cir. 1996) (concluding, "if the final state court presented with a federal claim refuses to

decide its merits based on an established state rule of law independent of the federal claim

and adequate to support the refusal, federal habeas review is foreclosed"). Similarly, with

respect to trial counsel's failure to call Fred Mummert, Hersh did not raise this claim in state

court. His failure to timely and properly pursue this claim at the state level constitutes an

12

independent and adequate state ground sufficient to support a procedural default of the claim. *See Barnhart v. Kyler*, 318 F. Supp.2d 250 (M.D. Pa. 2004). As such, Hersh is not entitled to federal habeas review of these two claims unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015). Hersh fails to acknowledge his procedural default of these claims, and fails to allege any cause and prejudice to excuse it. (*See* Doc. 17; *see also Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that the petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim)). Nor is there any indication that a failure to review these claims will result in a fundamental miscarriage of justice. Consequently, Hersh is precluded from pursuing federal habeas corpus relief with regard to trial counsel's failure to call Daniel Dougherty and Fred Mummert.

Furthermore, any attempt by Hersh to exhaust his state remedies at this time would be futile because these claims are procedurally defaulted due to waiver of the claims and expiration of the PCRA statute of limitations. *See* 42 PA. CONS. STAT. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this

subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). As such, Hersh is in procedural default for failing to comply with the state filing requirements, and these issues need not be considered here. See *Coleman*, 501 U.S. at 750.

Regarding trial counsel's failure to call Dustin Fleming, the Pennsylvania Superior Court determined that this ineffectiveness claim lacked merit. Establishing a claim of ineffectiveness for failure to call a witness under Pennsylvania law requires proof of: (1) the existence and availability of the witness; (2) counsel's awareness of or duty to know of the witness; (3) the witness' willingness and ability to cooperate and appear on behalf of the defendant; and (4) the necessity of the proposed testimony in order to avoid prejudice. *Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190 (Pa. 1997). In the matter *sub judice*, Hersh failed to satisfy all of these elements. Although Fleming was an available, willing and cooperative witness, the state court determined that the proposed testimony of Fleming was not relevant and was not necessary to avoid prejudice.

Furthermore, under Pennsylvania law, an alibi defense "places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Ali*, 10 A.3d 282, 316 (Pa. 2010) (quoting *Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 537 n. 5 (Pa. 2009)) (quotations omitted). "At the core of an alibi defense is, of course, consistency

14

between the date and time of the crime and that of the defendant's alibi." *Commonwealth v.*

*Johnson*, 966 A.2d at 538. The state court record establishes that the potential witness,

Fleming, could not recollect whether he was with Hersh on June 12, 2008. As such,

Fleming could not provide an alibi. Because Fleming did not have any alibi testimony to

offer, trial counsel could not call this witness to establish an alibi defense. The Court does

not hesitate to conclude that trial counsel was not ineffective for failing to pursue an alibi

defense that did not exist. Hersh has failed to meet his burden of showing that trial

counsel's performance was deficient, as required to prevail on a claim of ineffective

assistance of counsel. *Strickland*, 466 U.S. at 688-89. However, even assuming that Hersh

has shown that trial counsel's performance fell beneath prevailing professional norms,

Hersh is unable to show that he suffered prejudice as a result of that deficient performance.

In order to prove prejudice, Hersh is required to show that the absence of Fleming's

testimony resulted in "a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694. The Court concludes

that Hersh has not demonstrated that a reasonable probability exists that, if trial counsel

had called Fleming as an alibi witness, and presented an alibi defense, he would have been

found not guilty. Furthermore, Hersh has not shown that trial counsel's alleged failure to

present an alibi witness and alibi defense "so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result."

15

*Strickland*, 466 U.S. at 686. Accordingly, Hersh has not met his burden under *Strickland* to prove that he was prejudiced by his trial counsel's failure to present an alibi defense and call Dustin Fleming as an alibi witness. As such, this claim will be denied.

### b. Failure to Object to Alleged Hand Signals

Hersh next argues that trial counsel was ineffective for failing to object, request a mistrial, or request a curative jury instruction when there were alleged hand signal communications between the victim and her mother during the victim's testimony. This claim was presented to and denied by the state court. The Pennsylvania Superior Court rejected this claim and found as follows:

> Initially, Appellant claims that trial counsel was ineffective for failing to request a mistrial following K.H.'s trial testimony. Appellant's *Pro Se* Brief at 8. Specifically, Appellant argues as follows.
>
> > Appellant was denied adequate and effective assistance of counsel when trial counsel . . . failed to object, motion for a mistrial or other applicable remedy when [Appellant] observed K.H. making a "thumbs up" hand gesture to her mother and step-grandmother in the gallery [during her trial testimony]. Upon informing [trial counsel], [trial counsel] then also observed this "thumbs up" hand gesture yet still failed to object, motion for a mistrial, or other applicable remedy. Therefore [sic] prejudicing the jury, violating [Appellant]'s right to a fair and impartial jury trial guaranteed to him by the Sixth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution. *Id.*
>
> "The decision to grant a mistrial is within the sound discretion of the trial court." *Commonwealth v. Johnson*, 719 A.2d 778, 787 (Pa. Super.1998) (*en banc*) (citations and internal quotation marks omitted), *appeal denied*, 739

16

A.2d 1056 (Pa. 1999).

> In criminal trials, declaration of a mistrial serves to eliminate the
> negative effect wrought upon a defendant when prejudicial
> elements are injected into the case or otherwise discovered at
> trial. By nullifying the tainted process of the former trial and
> allowing a new trial to convene, declaration of a mistrial serves
> not only the defendant's interest but, equally important, the
> public's interest in fair trials designed to end in just judgments.
> Accordingly, the trial court is vested with discretion to grant a
> mistrial whenever the alleged prejudicial event may reasonably
> be said to deprive the defendant of a fair and impartial trial. In
> making its determination, the court must discern whether
> misconduct or prejudicial error actually occurred, and if so, . . .
> assess the degree of any resulting prejudice. . . .

*Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. 2009) (citation
omitted). Granting a mistrial is an extreme remedy and "is required only when
an incident is of such a nature that its unavoidable effect is to deprive the
appellant of a fair and impartial trial." *See Johnson, supra.*

Herein, the PCRA court concluded that Appellant's first claim lacks merit for a
number of reasons.

> Initially, th[e PCRA c]ourt rejects as inaccurate the P.C.R.A.
> hearing testimony of several witnesses affiliated with
> [Appellant], who claimed K.H. gave a "thumbs up" to her family
> members on numerous occasions during her testimony. To the
> contrary, consistent with trial counsel's testimony, th[e PCRA
> c]ourt only observed a single "thumbs up" being given by K.H.
> at the conclusion of her [trial] testimony. During the course of
> trial, [the PCRA court judge] regularly and diligently surveyed
> the courtroom searching for any improper conduct which may
> have either intentionally or inadvertently affected the integrity of
> the testimony of any witness. In the current matter, the [PCRA
> c]ourt's sense of awareness was heightened as [the PCRA
> court] conducted a pre-trial "taint hearing" amid defense claims
> of improper influence on the testimony of K.H. Despite this

vigilance, the [PCRA c]ourt did not observe any efforts by K.H.'s mother or step-grandmother to influence her testimony. While it is true that K.H. often looked in the direction of her mother and step-grandmother for support, no inappropriate activity was observed. While it is also true that K.H. motioned a "thumbs up" to her mother and step-grandmother after her testimony was concluded, this action occurred in the presence of the jury and was a proper consideration of the jury when weighing the demeanor of the witness. As th[e PCRA c]ourt rejects the factual claims of [Appellant]'s P.C.R.A. witnesses as being inaccurate, counsel cannot possibly be found to be ineffective for failing to pursue a course of action which did not exist.

Importantly, even if th[e PCRA c]ourt was to accept the testimony of [Appellant]'s P.C.R.A. witnesses as credible, counsel cannot be held ineffective for failing to pursue a course of action based upon issues of which he was unaware. As previously mentioned, counsel credibly testified that the only questionable conduct he observed from K.H. was the "thumbs up" at the end of her testimony. Counsel indicated he was attentive to this issue once advised by [Appellant] of his concerns. [Appellant] corroborated counsel's lack of information on this issue as he confirmed at the P.C.R.A. hearing that he "casually" mentioned it during the trial. Counsel apparently was never informed of the observations allegedly made by others. Trial counsel cannot be faulted for failing to seek a mistrial on "casual" information which was unsupported by his own observations.

Most importantly, [Appellant]'s claim fails as he has not established prejudice. . . .

Prior to trial K.H.'s testimony was scrutinized at two separate hearings conducted by two different judges. In each instance, the child's testimony was deemed credible. At trial, the child presented testimony consistent with the taped pre-trial statements to law enforcement and child advocacy personnel.

18

The testimony was relatively brief and was substantively limited to a single point upon which the child had, prior to trial, consistently testified. There is no credible evidence that the factual content of the child's testimony was contrived or affected in any way by outside sources during the course of trial. If the allegations alleged by [Appellant] had occurred, they would have occurred in the open courtroom in the presence of the jury where the jury could readily take their observations into account in weighing the credibility of K.H. K.H.'s testimony was not hesitant or reluctant. Rather, as defense counsel poignantly noted at [the] hearing, the conduct he observed was nothing more than a child looking for comfort. That observation is consistent with th[e PCRA c]ourt's [observation]. As th[e PCRA c]ourt finds, as a matter of fact, a paucity of any evidence that K.H.'s testimony was improperly influenced, [Appellant]'s claim must fail.

PCRA Court Opinion, 8/6/13, at 4-6 (citations and footnote omitted).

Our review of the record discloses ample support for the PCRA court's conclusion that Appellant failed to demonstrate his entitlement to PCRA relief on his first issue. Following the PCRA hearing, the PCRA court made the following finding of fact.

K.H., at the conclusion of her testimony at trial, gave a "thumbs up" signal to her mother and step-grandmother in open court in the presence of the jury and [Appellant]. At the time the signal was given[ by K.H.], K.H.'s step-grandmother was holding a stuffed animal.

PCRA Court Opinion, 8/6/13, at 2. Additionally, the PCRA court specifically found Appellant's PCRA witnesses, who testified to multiple instances of hand signals, incredible. *Id.* at 5. We are bound by these credibility findings because the PCRA court observed the witnesses during their hearing testimony. *See Spotz I, supra.* Moreover, as taint was an issue raised throughout the underlying trial, the PCRA court, then sitting as the trial court, was vigilant in observing outside forces that might sway K.H.'s testimony. PCRA Court Opinion, 8/6/13, at 4. The PCRA court concluded that "no

inappropriate activity was observed." *Id.* Trial counsel testified likewise. N.T., 6/17/13, at 38, 40-41. Thus, Appellant failed to prove that he was prejudiced by trial counsel's failure to request a mistrial after K.H.'s testimony. *See Pierce, supra; Michaud, supra.* Accordingly, the PCRA court did not err in denying Appellant PCRA relief on this claim.

*Commonwealth v. A.D.H.*, 2014 WL 10965652, at *6-7 (citing PCRA Court Opinion, 8/16/13,

at 4-6).

   In evaluating whether counsel's performance was deficient, this Court "must defer to

counsel's tactical decisions, avoid "the distorting effects of hindsight" and give counsel the

benefit of a strong presumption of reasonableness. *Strickland,* 466 U.S. at 689. At the

PCRA hearing, trial counsel testified that no inappropriate activity was observed, and the

PCRA court ultimately found as such. (Doc. 14-1, pp. 678-79, PCRA Hearing Transcript,

6/17/13, N.T. 38:1-18). Hersh also testified that he only observed the victim give one hand

signal at the conclusion of her testimony. (Doc. 14-1, p. 671, PCRA Hearing Transcript,

6/17/13, N.T. 10:2-11:1). After observing the witnesses and listening to their testimony, the

PCRA court specifically found that Hersh's PCRA witnesses, who testified that there were

several hand signal communications, were not credible. On appeal, the Superior Court,

citing *Commonwealth v. Sptoz*, 18 A.3d 244, 259 (Pa. 2011), stated that it would not disturb

the PRCA court's credibility findings that the witnesses were not credible because the

PCRA court observed the witnesses during their hearing testimony. *See Spotz*, 18 A.3d at

259 ("The PCRA court's credibility determinations, when supported by the record, are

binding on this Court."). On federal habeas review, the factual findings as to the credibility of testimony is entitled to a presumption of correctness under § 2254(e)(1), and Hersh can only rebut the presumption by clear and convincing evidence, which he has not done. In light of trial counsel's testimony which was found credible by the PCRA court, and the witnesses' testimony which was found incredible by the PCRA court, this Court cannot conclude that trial counsel was ineffective for failing to object to the hand signal communications.

Even if trial counsel's performance was deemed objectively unreasonable, Hersh has failed to demonstrate prejudice. This Court must determine, in light of the totality of the evidence, whether there is a reasonable probability that counsel's failure to object to the alleged hand signals sufficiently undermines confidence in the outcome of Hersh's trial. Consistent with *Strickland*, it was adequately demonstrated that trial counsel was not deficient in his representation of Hersh. He made no "errors so serious" so as to cease functioning as adequate counsel under *Strickland*. As the Superior Court found, Hersh failed to prove that he was prejudiced by trial counsel's failure to request a mistrial after the victim's testimony. Hersh failed to demonstrate prejudice as a result of counsel's action, that is, that the outcome of his case would have been different as a result of counsel's performance. Therefore, the Court will deny this ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 697 (holding that an ineffective assistance claim will be

21

dismissed if the petitioner makes an insufficient showing under either the performance or prejudice prongs).

### c. Failure to Move to Suppress Hersh's Confession

Hersh argues that trial counsel was ineffective for failing to move to suppress his confession. Specifically, he claims that his prescription for Ativan prevented him from giving a valid confession because it enhanced the level of law enforcement coercion.

The record reflects that Hersh failed to raise this issue at the state court level. His failure to timely present this claim at the state level constitutes a procedural default of this claim. *See Barnhart*, 318 F. Supp.2d 250. Thus, Hersh is not entitled to federal habeas review unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-63 (1989); *Morris v. Horn*, 187 F.3d 333, 342 (3d Cir. 1999). Hersh fails to acknowledge his procedural default of this claim, and fails to allege any cause and prejudice to excuse it. (*See* Doc. 17). Nor is there any indication that a failure to review this claim will result in a fundamental miscarriage of justice. *See Schlup*, 513 U.S. at 327. Consequently, Hersh is precluded from pursuing federal habeas corpus relief with regard to this issue.

Furthermore, as stated *supra*, any attempt by Hersh to exhaust his state remedies at

this time would be futile because this claim is procedurally defaulted due to waiver of the claims and expiration of the PCRA statute of limitations. *See* 42 PA. CONS. STAT. § 9544(b); 42 PA. CONS. STAT. § 9545(b). As such, Hersh is in procedural default for failing to comply with the state filing requirements, and this claim will not be considered. *See Coleman*, 501 U.S. at 750.

## B. Illegal Sentence Claim

Hersh argues that his mandatory minimum sentence, imposed pursuant to 42 Pa.C.S.A. § 9718, is illegal under *Alleyne*, and the Pennsylvania Supreme Court's subsequent decision in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).[5]

Hersh's judgment of sentence became final on July 20, 2012, after the expiration of the thirty-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* 42 PA. CONS. STAT. § 9545. It is clear that his judgment of sentence became final one year before the *Alleyne* decision was issued in 2013. It is well-settled as a matter of federal law that *Alleyne* is not retroactively applicable to cases on collateral

---

[5] In *Alleyne*, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 102 (citation omitted). Thereafter, the *Wolfe* Court held that the version of Section 9718 that was in effect from January 1, 2007 until August 17, 2014, was unconstitutional in its entirety, in light of *Alleyne*. *Wolfe*, 140 A.3d 651. The Pennsylvania Supreme Court expressly rejected the notion that *Alleyne* applies retroactively to cases on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 814-815 (Pa. 2016) (holding that the *Alleyne* decision does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings).

review. *See United States v. Reyes*, 755 F.3d 210, 212-13 (3d Cir. 2014) *cert. denied*, 135 S.Ct. 695 (2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). Additionally, the Pennsylvania Supreme Court has held that *Alleyne* does not apply retroactively to cases on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). As such, Hersh's claim that his sentence was illegal under *Alleyne* provides no basis for habeas relief.

## C. Denial of the Right to a Fair Trial Claim

Hersh argues that the trial court erred in refusing to grant a mistrial based on the emotional testimony of prosecution witness Frank Donnelly. Insofar as Hersh argues that the trial court abused its discretion in denying his motion for a mistrial, this claim is not cognizable on federal habeas review under 28 U.S.C. § 2254(a). On direct appeal, the Pennsylvania Superior Court explained that under Pennsylvania law, a mistrial is "an extreme remedy required only where an allegedly prejudicial event 'may reasonably be said to deprive the defendant of a fair and impartial trial.'" (Doc. 14-1, p. 45, *Commonwealth v. A.D.H.*, No. 1639 MDA 2011 (Pa. Super. June 20, 2012) (quoting *Commonwealth v. Boczkowski*, 846 A.2d 75, 94 (Pa. 2004)). The Superior Court further explained that the decision of whether to grant a mistrial "is within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion." *Id.* at p. 46 (quoting *Commonwealth v. Begley*, 780 A.2d 605, 624 (Pa. 2001)). The Superior Court concluded

that the trial court did not abuse its discretion in denying Hersh's motion for mistrial because the testimony of Frank Donnelly did not unavoidably prejudice the jury under state precedent. (*Id.* at pp. 46-47). The Superior Court noted that the trial court found that the witness' demeanor was "neither outrageous nor overpowering," "did not appear to be staged to evoke sympathetic response," and "did not rise to the level of prompting a verdict based upon something other than the evidence." (*Id.* at p. 46) (quoting Trial Ct. Op., 1/26/10, at 4). The Superior Court further found that any potential prejudice was remedied by the trial court's issuance of prompt, curative instructions. (*Id.* at pp. 46-47). On federal habeas review, this Court has no adjudicatory power over the state court's determination that, as a matter of state law, the trial court did not abuse its discretion in denying the motion for mistrial. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that "federal habeas corpus relief does not lie for errors of state law" and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). As such, this claim is not a cognizable claim for habeas review. *See* 28 U.S.C. § 2254(a).

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. As such, a certificate of appealability will not issue.

## V.    Conclusion

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus. A separate Order shall issue.

Date:  May __10__, 2019

Robert D. Mariani
United States District Judge

26